IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVALON DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-1071-GMS |
| | ) |
| PLAZA RIVERA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Avalon Diaz ("Diaz"), an inmate at the Howard R. Young Correctional

Center, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He

appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915. (D.I. 4.) The court reviewed and screened the complaint, dismissed the complaint for

failure to state a claim relief upon which relief may be granted and gave Diaz leave to amend.

(D.I. 8, 9.)

**I. BACKGROUND**

Diaz filed this complaint pursuant to 42 U.S.C. § 1983 alleging that the defendant Plaza

Rivera ("Rivera"), came up behind him, hit him in the head and face, gave him a bloody nose,

and hit him in the back and side. As a result, Diaz had blurry vision and blood in his urine for a

few days. He seeks compensatory damages. (D.I. 2.) The amended complaint identifies Rivera

as an inmate housed at the HRYCI.

**II. STANDARD OF REVIEW**

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and

prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

court must accept all factual allegations in a complaint as true and take them in the light most

favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Diaz proceeds *pro se*, his pleading is

liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94

(citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an

inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

However, before dismissing a complaint or claims for failure to state a claim upon which relief

may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

2

must grant Diaz leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal* 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Diaz has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Diaz's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## III. DISCUSSION

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Rivera is an inmate at the HRYCI. Quite simply, this defendant is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Diaz's § 1983 claim is raised against a non-state actor, it rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

## IV. CONCLUSION

For the above reasons, the court will dismiss the amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d at 111; *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____July 5____, 2012
Wilmington, Delaware

4